Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| LUIS M. LEBRÓN TRUJILLO<br>**Apelante**<br><br>V.<br><br>DPTO. DE HACIENDA DE P.R.<br>**Apelado** | KLAN202400311 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Guayama<br><br>Civil. Núm. GM2023CV00787<br><br>Sobre: MANDAMUS |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Romero García y la Jueza Martínez Cordero.

Hernández Sánchez, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 6 de mayo de 2024.

El 1 de abril de 2024[1], compareció ante nos, por derecho propio, mediante una Apelación la cual intituló *Revisión de Mandamus*, el Sr. Luis M. Lebrón Trujillo (señor Lebrón o apelante), quien se encuentra bajo la custodia del Departamento de Corrección y Rehabilitación (DCR). En esta, no indicó de que dictamen recurre. Sin embargo, de un estudio del expediente podemos colegir que este recurre de una *Sentencia* que dictó y notificó el Tribunal de Primera Instancia, Sala Superior de Guayama (TPI) el 20 de febrero de 2024. Mediante el aludido dictamen, el TPI desestimó sin perjuicio la *Demanda* que presentó el señor Lebrón en contra del Departamento de Hacienda (DH o apelado). Consecuentemente, decretó el cierre y archivo del caso.

Por los fundamentos que expondremos a continuación, **confirmamos** el dictamen recurrido.

---

[1] Cabe precisar que, el apelante entregó el recurso de epígrafe ante el Departamento de Corrección y Rehabilitación el 6 de marzo de 2024.

Número Identificador

SEN2024 _____

I.

A continuación, resumimos los hechos pertinentes para la disposición del recurso, los cuales surgen del expediente ante nuestra consideración y del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

El 6 de octubre de 2023, el señor Lebrón presentó un *Mandamus* en contra del DH y otros.[2] En este, indicó que había solicitado los tres (3) incentivos económicos que otorgó el gobierno federal a raíz de la pandemia del Covid 19, pero que únicamente recibió el primer cheque por la cantidad de seiscientos ($600.00) dólares. Indicó que los otros dos cheques se lo habían enviado a la dirección de "Fajardo, PR 00738" y, por ende, le solicitó al TPI a que le ordenara al DH a que se los enviaran "a la cuenta master de Corrección".

En respuesta, el 18 de enero de 2024, el Estado Libre Asociado de Puerto Rico en representación del DH presentó una *Moción de Desestimación*.[3] En esta, aclaró que, en el presente caso, el señor Lebrón ya había solicitado los incentivos y que, los cheques de los estímulos económicos se les enviaron. Sin embargo, sostuvo únicamente se redimió el cheque de seiscientos ($600.00) dólares y no así los otros dos por la cantidad de mil doscientos ($1,200.00) dólares y mil cuatrocientos ($1,400.00) dólares por lo que estos caducaron. Consecuentemente, concluyeron que no existía un deber ministerial y tampoco se incumplió con un deber ministerial. Así pues, solicitaron la desestimación del *Mandamus*.

Junto a esta solicitud de desestimación se incluyó una Certificación emitida por el DH en la cual se estableció que el apelante cumplimentó el cuestionario correspondiente para solicitar los incentivos, pero cuando se fue a trabajar su caso, ya este había

---

[2] Véase, Entrada Núm. 1, SUMAC.
[3] Véase, Entrada Núm. 10, SUMAC.

solicitado el incentivo de manera electrónica, en un portal habilitado por el DH.[4] Así pues, indicaron que no fue necesario que el DH presentara la planilla de contribución sobre ingresos del año contributivo de 2020.[5]

Evaluadas las posturas de ambas partes, el 20 de febrero de 2024, TPI emitió una *Sentencia* que se notificó el 21 de febrero de 2024 mediante la cual puntualizó que de la prueba que presentó el apelado, se probó que este no incumplió con su deber ministerial.[6] Por consiguiente, desestimó sin perjuicio la presente causa de acción y decretó el cierre y archivo del caso. Asimismo, le ordenó al DCR a que asistiera al apelante a realizar los trámites correspondientes con el DH para que pueda obtener el incentivo económico.

Inconforme con esta determinación, el 1 de abril de 2024, el señor Lebrón presentó el recurso de epígrafe. En este no formuló ningún señalamiento de error. Se limitó a solicitarnos a que le designáramos un contable para que lo ayudara con el trámite relacionado a los pagos de los incentivos. Además, nos solicitó que le ordenáramos al DH a que le transfiriera la cantidad de dos mil seiscientos ($2,600.00) dólares correspondientes a los otros dos pagos del incentivo económico a la cuenta que posee en el Departamento de Corrección.

Examinado el recurso que nos ocupa, y con el propósito de lograr el "más justo y eficiente despacho" del asunto ante nuestra consideración, prescindimos de términos, escritos o procedimientos ulteriores. Regla (7)(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7.

II.

---

[4] Íd.

[5] Íd.

[6] Véase, Entrada Núm. 17, SUMAC.

El auto de *mandamus* es el recurso adecuado para solicitarle al tribunal que le ordene a una persona, a una corporación o a un tribunal de inferior jerarquía, que cumpla o ejecute un acto que forma parte de sus deberes y atribuciones. Art. 649 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3421; Regla 54 de Procedimiento Civil, 32 LPRA, Ap. V, R. 54. El *mandamus* no confiere nueva autoridad y la parte a quien obliga deberá tener la facultad de poder cumplirlo. Íd. El carácter privilegiado que caracteriza el *mandamus* significa que su expedición no se invoca como cuestión de derecho, sino que descansa en la sana discreción del foro judicial. *Carrasquillo Román v. Departamento de Corrección*, 204 DPR 699, 713 (2020). En estos casos, la discreción implica que el tribunal no está atado a un remedio en específico, "sino que puede diseñar un remedio compatible con los intereses públicos envueltos". *AMPR v. Srio. Educación, E.L.A.*, 178 DPR 253, 269 (2010).

El recurso de *mandamus* solo puede utilizarse para exigir que se cumpla con un deber ministerial cuando no se dispone de otro remedio legal adecuado. Es decir, "no procede cuando hay un remedio ordinario dentro del curso de ley, porque el objeto del auto no es reemplazar remedios legales sino suplir la falta de ellos". Íd., pág. 266-267. Si los remedios de ley no son adecuados y son incompatibles con la justicia, puede recurrirse al *mandamus*. *González Saldaña v. Tribunal Superior*, 92 DPR 477, 487 (1965). Sobre el deber ministerial, el Tribunal Supremo ha expresado que este "no se trata de una directriz o una disposición que permite hacer algo, sino de un mandato específico que la parte demandada no tiene opción para desobedecer". *Carrasquillo Román v. Departamento de Corrección*, supra, pág.713. El deber ministerial que exige el recurso de *mandamus* emana de un empleo, cargo o función pública. *AMPR v. Srio. Educación, E.L.A.*, *supra*, pág. 265.

III.

En el caso de autos, el señor Lebrón presentó un recurso de *Mandamus* ante el TPI solicitándole a que le ordenara al DH a que le depositara los otros dos cheques que le faltaban por la cantidad de mil doscientos ($1,200.00) dólares y mil cuatrocientos ($1,400.00) dólares, respectivamente, de los incentivos económicos que había solicitado a raíz de la pandemia del Covid 19 a su "cuenta master" del DCR. Ante ello, el DH compareció ante el TPI e informó que ya el apelante había solicitado los incentivos y que, los tres (3) cheques de los estímulos económicos se les enviaron. Sin embargo, sostuvo que el apelante únicamente redimió el cheque de seiscientos ($600.00) dólares y no los otros dos por la cantidad de mil doscientos ($1,200.00) dólares y mil cuatrocientos ($1,400.00) dólares por lo que estos últimos caducaron. Lo anterior fue acreditado mediante una *Certificación* que emitió el asesor técnico confidencial del área del Rentas Internas del DH.

Al haberse certificado lo antes expuesto, el TPI determinó que el DH no había incumplido con ningún deber ministerial y, por ende, desestimó la presente causa de acción sin perjuicio. Inconforme con este dictamen, el apelante compareció ante nos solicitando a que le designáramos un contable y que le ordenáramos al DH a que le depositara los otros dos cheques que no reclamó dentro del término establecido por ley a su "cuenta master" del DCR.

Como podemos observar, el DH atendió la solicitud del apelante para recibir los incentivos económicos que se otorgaron a raíz de la pandemia del Covid 19. De este modo, se le remitieron los tres cheques que sumaban a la totalidad de tres mil doscientos ($3,200.00) dólares. Sin embargo, el apelante únicamente reclamó el primer cheque de seiscientos ($600.00) y no los otros dos por lo que estos caducaron. Ante ello, no existía ningún deber ministerial por parte del DH ya que este había cumplido con atender la solicitud

del apelante y le remitió los cheques correspondientes para su reclamo. Así pues, no existe un remedio para concederle al apelante a través del recurso de *mandamus* y, en consecuencia, procede la desestimación de la causa de acción como muy bien resolvió el TPI.

IV.

Por los fundamentos antes expuestos, ***confirmamos*** el dictamen recurrido.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones